Green, J.
delivered the opinion of the court.
This is an attachment bill, and alledges that the complainants, have recovered judgment against the defendant, William Wills, for $658; that execution has been issued thereon, and returned no property found; that said Wills has absconded from this State, and resides in Missouri; that before he left this country, he held a note on Thomas Black and James W. Morton for $450, payable the 23d of December, 1843; that said note is in the hands of Mary Wills and Benjamin Clayton, and is changed from one to the other, to prevent creditors of William Wills from reaching it, and that they have no interest in the note. All the above named persons are made parties, and process of attachment is prayed for, and a decree for said note in part satisfaction of his debt.
The bill is taken for confessed against Black, Morton and William Wills, all of whom are non-residents of this State. *447 The defendant, Clayton, admits the note in question exists, and is in his hands; but he insists that the legal title thereto is in him. He states that he was bound as surety to a large amount for William Wills; that Wills had conveyed to him certain property for this indemnity, which has been sold, and proves insufficient by about $300; that when Wills was about leaving this country, he wrote an assignment on the said note to the defendant, Clayton, and delivered it to his co-defendant, Mary ■Wills, with directions, to hand the same to him for his further indemnity; but that she supposing he had property enough to secure him, washed off the said written assignment, intending to appropriate said note to her own use; but since finding that defendant, Clayton, had not enough in his hands to save him harmless, she delivered said note to' him.
He insists he has a legal right to said note, for the payment of said $300, and is willing the balance due on it shall go to the complainants.
Mary Wills’ answer states, that the note was assigned to Clayton by William Wills, and placed in her hands to be delivered, but she washed off the assignment, and retained the note about two months, when understanding that- he would not be indemnified by the property he had received, she informed him of these facts, and gave him the note.
The only question in the case is, as to Clayton’s ownership of the note on Black & Morton.
1st. It is contended by the defendants counsel, that the answer of Clayton is made evidence for him, by the reason of the discovery sought in the bill, to which the answer is responsive. The interrogatories in the bill are, that the defendants, Clayton and Mary Wills, answer, whether they or one of them have the said note; that they state what other notes or choses in action, they or either of them have, belonging to William Wills. It is at once perceived, that these interrogatories do not touch the question of the title to the note in controversy.
If the complainant had asked, if they had the note in possession, and by what title or authority they held it, the answer would have been evidence; for such intérrogatory would have made the defendants witnesses as to the assignment. But no *448 such interrogatory is in the bill; and hence the statement in the answer is matter of defence, which must be proved.
Note — Where an answer to a bill relies on new facts, by vvay of discharge or avoidance, or defence not responsive to the bill, they must be established by independ-ant proof. The answer is not evidence of them. 3 Mason, 378: Sumner, 478: 12 Peters, 178: 10 Yerger, 109.
As to when the answer of a defendant is not evidence, for or against a co-defendant. See 2nd Condensed Rep. 319, 285' 5th Condensed Rep. 742: 4th Condensed Rep. 170: 3 Paige, 273.
2d. It is next insisted, that Mary Wills’ answer is evidence for her co-defendant, as she was a mere depositary of the note. If the bill had sought a discovery, as to the manner the note came to her hands, and the object for which it was placed there, her answer would have been evidence, and might have been used for her co-defendant. But no such discovery is sought.
The question then results in- the simple enquiry,, whether Clayton, because of the indebtedness of Wills to him, can resist this bill. And we think he cannot. The complainants, by their superior vigilance, have acquired a lien upon this note and the fund it secures to be paid, that cannot be resisted by a mere depositary of the note, although he too, may be a creditor of-the payee.
Affirm the decree.